UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                :
                                                :         16mc00400
*IN RE* APPLICATION OF CONSELLIOR  :         OPINION & ORDER
SAS                                          :
                                                :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

        Petitioner Consellior SAS ("Consellior") moves to compel Respondents Hamilton South and John Demsey to comply with subpoenas and appear for depositions. South and Demsey move to quash those subpoenas. For the reasons that follow, Consellior's motion to compel is granted and South and Demsey's motion to quash is denied.

## BACKGROUND

        These motions arise out of an application to take discovery pursuant to 28 U.S.C. § 1782 in connection with Consellior's participation in a criminal proceeding in the Higher District Court of Nancy, France (the "French Proceeding"). Consellior is a privately held French company and a minority shareholder in Baccarat SA, a French manufacturer of crystal products. Consellior initiated the French Proceeding by submitting a complaint to the Nancy Public Prosecutor.[1] The complaint alleges that six Baccarat directors breached their fiduciary duties by improperly approving a licensing agreement between Baccarat and Starwood Capital Group, an American investment-management company that owns a controlling stake in Baccarat.

---

[1] Under French law, private entities have substantial participation rights in criminal proceedings and are permitted to call witnesses, file pleadings, and present arguments or evidence before the Magistrate Judge. (See generally Declaration of Georges Jourde ("Jourde Decl."), ECF No. 3 at Ex. F.)

Consellior seeks Respondents' testimony because they are two of the "independent" Baccarat directors—i.e. not controlled by Starwood—and are residents of New York.  Neither South nor Demsey has been named as a defendant in the French Proceeding.  On November 8, 2016, this Court granted Consellior's discovery application and ordered South and Demsey to sit for depositions in New York by January 5, 2017.  (ECF No. 4.)  When neither Respondent complied, the parties filed these cross-motions.

## LEGAL STANDARD

A district court has considerable discretion as to whether to exercise its authority to grant a discovery application under 28 U.S.C. § 1782.  See In re Application of Grupo Qumma, No. M 8-85, 2005 WL 937486, at *1 (S.D.N.Y. April 22, 2005) ("A request for discovery under § 1782 presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so.").  A court with the statutory authority to grant the application must further decide whether to exercise its discretion "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004).

The Supreme Court has identified four "factors that bear consideration" in exercising this discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–65 (2004).

## DISCUSSION

Under the circumstances, the Intel factors weigh in favor of Consellior's application. South and Demsey's motion relies heavily on the argument that any testimony they could offer would be duplicative of the evidence available to the magistrate in the French Proceeding. Further, Respondents argue that Consellior has not yet attempted to obtain this discovery of directors from the French court. This attempt to impose an exhaustion or necessity requirement on Consellior's § 1782 application is unavailing. See Mees v. Buiter 793 F.3d 291, 303 (2d Cir. 2015) (holding that there is no "necessity standard or exhaustion requirement" on the party seeking § 1782 discovery). The focus of the first Intel factor is on "the foreign tribunal's ability to control evidence and order production" by ordering discovery from individuals subject to the foreign court's jurisdiction. In re Application of OOO Promnefstroy, No. M 19-99, 2009 WL 335608, at *5 (S.D.N.Y. Oct. 15, 2009). It is undisputed that South and Demsey are not parties to the French Proceeding, and that the French magistrate does not have jurisdiction to compel their testimony. (See Oral Argument Hearing Transcript, January 25, 2017, at 3:23–25.) Accordingly, the testimony sought by Consellior is plainly not "within the foreign tribunal's reach, and thus accessible absent § 1782 aid." Intel, 542 U.S. at 264.

Insofar as Consellior's application seeks testimony regarding the amendment to the 2015 licensing agreement and the Baccarat board meeting approving the agreement, the

application is neither intrusive nor unduly burdensome. This factor simply requires that "the subject matter of the request[] [be] reasonably tailored to speak to the claims and defenses raised in the proceedings at issue." In re Veiga, 746 F. Supp. 2d 8, 25 (D.D.C. 2010); cf. OOO Promnefstroy, 2009 WL 3335608, at *9 (finding petitioner's requests unduly burdensome where the "application extend[ed] to a wide array of documents related to tens of business entities and to all of their affairs . . . [as well as] all of [Respondent's] computers since 2005"). Moreover, if a judge determines that a request is unduly burdensome, it is "far preferable" to remedy that problem "by issuing a closely tailored discovery order rather than by simply denying relief outright." Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 (2d Cir. 1995).

In the interests of obviating further discovery disputes and resolving the current one, Consellior's depositions shall conform to the following restrictions:

1. The depositions of Mr. South and Mr. Dempsey shall be limited in duration to a maximum of two hours each, excluding breaks.

2. The depositions shall be scheduled on dates mutually convenient to all parties and their counsel.

3. The deposition testimony shall be subject to a mutually acceptable confidentiality agreement.

4. The depositions shall be confined to the following topics: (1) the 2015 Amendment, and (2) the discussion and approval of the 2015 Amendment at the January 28, 2015 Baccarat board meeting.

CONCLUSION

For the foregoing reasons, Consellior's motion to compel is granted and South and Demsey's motion to quash is denied. The parties are directed to proceed with the depositions of South and Demsey in conformity with this Opinion and Order. The Clerk of Court is directed to close the motion pending at ECF No. 20.

Dated: February 2, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.